**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| CONCEIVEABILITIES, INC., | ) ) ) ) |
| Plaintiff, | ) Civil Action No.: ) ) |
| v. | ) TRIAL BY JURY DEMANDED ) ) |
| GOLDEN SURROGACY, LLC, | ) ) ) |
| Defendant. | ) ) ) ) ) ) |

**COMPLAINT**

Plaintiff, Conceiveabilities, Inc., for its complaint against Defendant, Golden Surrogacy, Inc., alleges as follows:

**INTRODUCTION**

1. This is an action brought by Plaintiff Conceiveabilities arising under the trademark laws of the United States. Plaintiff seeks an injunction and damages against Defendant for infringement of Plaintiff's federal and Illinois state trademark rights.

1

## THE PARTIES

2. Plaintiff Conceiveabilities is an Illinois corporation having its principal place of business at 2 N. Riverside Plaza, Chicago, Illinois 60606.

3. On information and belief, Defendant Golden Surrogacy is an Illinois corporation having its principal place of business at 233 S. Wacker Drive, 84th Floor, Chicago, Illinois 60606.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is conferred on the Court by 28 U.S.C. §§ 1331 and 1338 for claims arising under 15 U.S.C. § 1125 of the Lanham Act. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

5. Venue in this court is based upon 28 U.S.C. § 1391.

6. Defendant Golden Surrogacy has entered into and conducted business in the Northern District of Illinois in matters relating to the subject in dispute.

## FACTUAL BACKGROUND

7. Since at least as early as December 2008, Plaintiff Conceiveabilities has been using in interstate commerce the servicemark EVERYONE DESERVES A FAMILY in connection with the following services: negotiation of commercial transactions for third parties, namely, facilitating agreements between egg donors, surrogates, and intended parents for the purpose of creating embryos via in-vitro fertilization; maternal surrogacy services; and health services, namely, consultation with

intended parents concerning available human egg (ovum) donors for in-vitro fertilization (hereinafter "egg donor and surrogacy services").

8. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant Golden Surrogacy has been using the identical mark EVERYONE DESERVES A FAMILY since approximately June 2014 in connection with providing the identical or substantially similar egg donor and surrogacy services as provided by Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a)

9. Plaintiff Conceiveabilities hereby re-alleges the allegations of Paragraphs 1-8 of this complaint as if fully set forth herein.

10. This cause of action for trademark infringement arises under 15 U.S.C. § 1125(a).

11. Plaintiff Conceiveabilities' mark EVERYONE DESERVES A FAMILY ("Mark") is inherently distinctive. In the alternative, the mark has acquired secondary meaning.

12. Defendant Golden Surrogacy's mark EVERYONE DESERVES A FAMILY is identical to Plaintiff's Mark in appearance, sound, connotation, commercial impression and meaning, such that the sale and/or use in commerce by Defendant of its egg donor and surrogacy services in connection with the Mark is likely to cause consumer confusion, mistake or deception as to the affiliation, connection, or association of Defendant with Plaintiff Conceiveabilities and/or as to the origin, sponsorship, or approval of Defendant's services by Plaintiff Conceiveabilities. This will injure and

damage Plaintiff Conceiveabilities and the goodwill and reputation symbolized by Plaintiff Conceiveabilities' Mark.

13. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant Golden Surrogacy's infringing activities commenced, and have continued, despite Defendant Golden Surrogacy's knowledge of Plaintiff Conceiveabilities' rights in the Mark, and/or with Defendant Golden Surrogacy's knowledge that it does not have the right to use the Mark in commerce.

14. By the foregoing acts and otherwise, Defendant Golden Surrogacy will continue to infringe Plaintiff Conceiveabilities' rights in the Mark unless restrained by this Court.

15. As a result of Defendant Golden Surrogacy's trademark infringement, Plaintiff Conceiveabilities has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT II
## STATE DECEPTIVE TRADE PRACTICES CLAIM

16. Plaintiff Conceiveabilities hereby re-alleges the allegations of Paragraphs 1-15 of this complaint as if fully set forth herein.

17. This cause of action arises under the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1 *et seq*.

18. Plaintiff Conceiveabilities' Mark is inherently distinctive. In the alternative, it has acquired secondary meaning.

4

19. Defendant Golden Surrogacy's mark is identical to Plaintiff's Mark in appearance, connotation, commercial impression, sound and meaning, such that the sale or use in commerce by Defendant of its egg donor and surrogacy services in connection with the Mark is likely to cause consumer confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant's services and/or as to the affiliation, connection, or association with or certification by Plaintiff Conceiveabilities, and thus will injure and damage Plaintiff Conceiveabilities and the goodwill and reputation symbolized by Plaintiff Conceiveabilities' Mark.

20. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant Golden Surrogacy's deceptive trade practices commenced, and have continued, despite Defendant's knowledge of Plaintiff Conceiveabilities' superior rights in Plaintiff Conceiveabilities' Mark.

21. By the foregoing acts and otherwise, Defendant Golden Surrogacy will continue its deceptive trade practices of infringing Plaintiff Conceiveabilities' rights in its Mark unless restrained by this Court.

22. As a result of Defendant Golden Surrogacy's deceptive trade practices, Plaintiff Conceiveabilities has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

## COUNT III
## STATE COMMON LAW TRADEMARK INFRINGEMENT

23. Plaintiff Conceiveabilities hereby re-alleges the allegations of Paragraphs 1-22 of this complaint as if fully set forth herein.

24. This cause of action for trademark infringement arises under Illinois common law.

25. Plaintiff Conceiveabilities' Mark is inherently distinctive or, in the alternative, has acquired secondary meaning among relevant consumers in Illinois.

26. Defendant Golden Surrogacy's mark is identical to Plaintiff Conceiveabilities' Mark in appearance, sound, connotation, commercial impression and meaning, such that the sale by Defendant of its egg donor and surrogacy services in connection with the Mark is likely to cause consumer confusion, mistake or deception as to the affiliation, connection, or association of Defendant with Plaintiff Conceiveabilities and/or as to the origin, sponsorship, or approval of Defendant's services by Plaintiff Conceiveabilities and will injure and damage Plaintiff Conceiveabilities and the goodwill and reputation symbolized by Plaintiff Conceiveabilities' Mark.

27. After a reasonable opportunity for further investigation or discovery, it is likely that the evidence will show that Defendant Golden Surrogacy's infringing activities commenced, and have continued, despite Defendant's knowledge of Plaintiff Conceiveabilities' rights in and to its Mark and/or with Defendant's knowledge that Defendant does not have the right to use Plaintiff Conceiveabilities' Mark in commerce.

28. By the foregoing acts and otherwise, Defendant Golden Surrogacy will continue to infringe Plaintiff Conceiveabilities's rights in its distinctive Mark unless restrained by this Court.

29. As a result of Defendant Golden Surrogacy's trademark infringement, Plaintiff Conceiveabilities has suffered and continues to suffer irreparable injury, for which it has no adequate remedy at law.

**WHEREFORE, Plaintiff Conceiveabilities prays for the following relief**:

1. A finding that Defendant Golden Surrogacy has infringed Plaintiff Conceiveabilities' Mark.

2. A finding that Defendant Golden Surrogacy has violated the Illinois Uniform Deceptive Trade Practices Act.

3. An injunction permanently enjoining Defendant Golden Surrogacy and its directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with it, from:

   a. directly or indirectly infringing or misappropriating Plaintiff Conceiveabilities' Mark;

   b. continuing to advertise, promote, sell or offer to sell any products or services which infringe or misappropriate Plaintiff Conceiveabilities' Mark; and

   c. assisting, inducing, or aiding or abetting any other person or entity in engaging in any of the activities prohibited in subparagraphs (a) through (b) above.

4. An injunction permanently enjoining Defendant Golden Surrogacy and its directors, officers, agents, servants, employees and all other persons in active concert or privity or in participation with it, from:

a. committing deceptive trade practices by selling its services in connection with the mark EVERYONE DESERVES A FAMILY and likely causing consumer confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant's services and/or as to the affiliation, connection, or association with or certification by Plaintiff Conceiveabilities;

b. continuing to advertise, promote, sell or offer to sell any products or services which are likely to cause consumer confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant's services and/or as to the affiliation, connection, or association with or certification by Plaintiff Conceiveabilities; and

c. assisting, inducing, or aiding or abetting any other person or entity in engaging in any of the activities prohibited in subparagraphs (a) through (b) above.

5. An order requiring the impounding and destruction of all labels, signs, prints, packages, wrappers, receptacles, uniforms, costumes, and advertisements in the possession of Defendant Golden Surrogacy infringing Plaintiff Conceiveabilities' Mark and all means of making the same.

6. An order requiring Defendant Golden Surrogacy to file with the Court and serve on Plaintiff Conceiveabilities, within 30 days after service of the Court's order as herein prayed, a report (or other form of proof) in writing under oath setting forth in

detail the manner and form in which Defendant Golden Surrogacy has complied with the Court's injunction.

7. A judgment entered for Plaintiff Conceiveabilities and against Defendant Golden Surrogacy, jointly and severally, for all damages sustained by Plaintiff Conceiveabilities for Defendant's acts of trademark infringement, misappropriation, and deceptive trade practices, including, but not limited to, Defendant's profits, costs, and attorneys' fees.

8. An accounting from Defendant Golden Surrogacy for all gains, profits, and advantages derived from its acts of trademark infringement, unfair competition, deceptive trade practices, and/or other violations of the law as alleged herein.

9. An order requiring that all gains, profits, and advantages derived by Defendant Golden Surrogacy from its acts of trademark infringement, unfair competition, deceptive trade practices, and/or other violations of the law as alleged herein be deemed to be in constructive trust for the benefit of Plaintiff Conceiveabilities.

10. An order for such other, further, and different relief as the Court deems proper under the circumstances, including punitive damages if appropriate pursuant to the evidence of record.

## JURY DEMAND

Plaintiff Conceiveabilities hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: November 24, 2015

By: /s/ Patrick J. Arnold Jr.

Patrick J. Arnold Jr.
McAndrews, Held, and Malloy, Ltd.
500 W. Madison St, Suite 3400
Chicago, Illinois 60661
Telephone (312) 775-8000
E-Mail: parnold@mcandrews-ip.com

Attorneys for Plaintiff,
Conceiveabilities, Inc.